```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


U.S. BANK NATIONAL              :   CIVIL NO. 1:09-CV-02150
ASSOCIATION, as Trustee for the :
Registered Holders of           :   (Chief Judge Kane)
FMAC LOAN RECEIVABLES TRUST     :
2000-A, by CAPMARK              :   (Magistrate Judge Smyser)
FINANCE INC., as Servicer       :
                                :
                                :
            Plaintiff            :
                                :
      v.                        :
                                :
ALL AMERICAN PROPERTIES, INC.   :
f/k/a ALL AMERICAN PLAZAS, INC. :
a Pennsylvania corporation;     :
FRYSTOWN ALL AMERICAN           :
PROPERTIES, INC., a Delaware    :
corporation; and CLARKS FERRY   :
PROPERTIES, INC., a Delaware    :
Corporation,                    :
                                :
            Defendants           :
```

## **REPORT AND RECOMMENDATION**

On September 28, 2010, the plaintiff filed a motion (Doc. 12) for a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. A brief in support of the motion was filed. (Doc. 13). A brief in opposition was not

filed. The motion is unopposed. LR 7.6. It will be recommended that the motion be granted.

The default of the defendants was entered, and the defendants have not appeared and have not challenged the default.

The plaintiff's motion requests that the court enter a final judgment of mortgage foreclosure against the defendants as requested in the complaint, and specifically that the court state in its order that the amount that is due and payable under the mortgages that are the subject of the complaint is $8,145,975.58 plus continuing interest of $2,314.70 per day from April 1, 2009 through the date of sale, plus costs. It is requested that the court state in the judgment order also that the defendants' right and equity of redemption of the real property that is encumbered by the mortgages be forever barred and foreclosed. It is requested, finally, that the court direct in its order that the real property be sold and that the amounts due and payable from the defendants to the plaintiff be paid out of the proceeds of the sale.

In *U.S. Bank National Association v. All American Properties, Inc.* M.D. Pa. Civil No. 1:09-cv-0315, a partial judgment order (Doc. 19, March 26, 2009) was entered in favor of the plaintiff against the defendant All American Properties, Inc. based upon the same underlying mortgage loan. In that case, the court appointed a receiver to manage the properties. (Order of September 27, 2010, Doc. 48).

The complaint in this case, in the absence of an answer, establishes that the mortgagor had failed to pay, that the mortgage is in default, and that the recorded mortgage is in the specified amount. Theses facts give rise to a valid claim for mortgage foreclosure under Pennsylvania law as is asserted by the plaintiff.

The other two defendants here, Frystown All American Properties, Inc. and Clarks Ferry Properties, Inc., are the deeded owners of the underlying properties, the "Myerstown property" and the "Duncannon property", defendant All American having conveyed the deeds to these two corporations for financing purposes. (Doc. 1, ¶21).

3

The monetary judgment entered here should as requested state that the amount due and payable under the mortgage is $8,145,975.58 plus continuing interest of $2,314.70 per day from April 1, 2009 through the date of sale, plus costs, but should not order payment of that amount in that payment of that amount was ordered in the other civil action, M.D. Pa. Civil No. 1:09-cv-0315.

It is recommended that the plaintiff's unopposed motion for default judgment be granted and that the court enter an order as requested by the plaintiff in its motion.[1]

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: December 6, 2010.

---

1. The plaintiff has submitted a form of order, Doc. 12-3.